McVay v. McVay.

---

## John McVay

*v.*

## Celia McVay.

1. A valid express trust of land may be created by parol, but such a trust can be proved by nothing short of written evidence.

2. The written evidence may be made at a time subsequent to the creation of the trust.

3. If the honesty of a declaration of trust, which is not put in writing at the time of the creation of the trust but subsequently, is assailed, parol evidence is admissible to show that it was created cotemporaneously with the making of the title under which it is declared.

4. An answer in chancery may be sufficient, as a declaration of a trust, to warrant the court in decreeing the execution of the trust.

5. The trustee's signature may be made by initials, and may be placed on any part of the declaration of trust, provided he signs for the purpose of giving authenticity to the instrument.

On final hearing on bill, answer and proofs taken before a master.

*Mr. C. F. Axtell* and *Mr. E. A. Quayle,* for complainant.

*Mr. Theodore Little,* for the defendant.

VAN FLEET, V. C.

This suit is brought to enforce an express trust. Prior to April 2d, 1879, the complainant was the owner of a lot of land in Morristown. On that day he conveyed it to his son John, who, on the same day, conveyed it to the complainant's wife. Both deeds were voluntary. The complainant's wife continued to hold the title until November 26th, 1883, when she and complainant conveyed it to their daughter Celia, the defendant in this suit. Celia, on the same day, and as part of the transaction by which she became invested with title, made a deed to the complainant. The object of the two last conveyances was to change the title from the wife to the husband. No consideration was paid for either. Celia, at the time of this transaction, was a minor, being only nineteen years of age. Her deed, therefore, while not void, was voidable. No acts in confirmation of her deed, performed since she attained full age, are either alleged or proved. Since attaining full age, she has refused to execute a deed in confirmation of the one she made while a minor, but now insists that that deed, by reason of her minority, is of no effect, and that the title to the land still remains in her, and that she is under no duty to convey it to the complainant. The complainant, on the contrary, insists that the defendant took title subject to a trust, the trust being that she should convey the land to him, and having thus far failed to execute it effectually, and now refusing to do so, the court should compel her to execute it.

There can be no doubt about the fact. The circumstances attending the transfer of the title to the defendant render it conspicuously clear that the purpose of all persons concerned in the transaction was to change the title from the wife to the husband.

It is obvious that the transaction had no other object. It is
clear, therefore, that the defendant took title subject to a trust,
and that the trust was an express one. The only question which
the case presents·is, Is the the trust manifested in such manner
that equity can take cognizance of it and enforce it? The ex-
istence of such a trust can be proved by nothing short of written
evidence. The direction of the statute of frauds upon this sub-
ject is imperative. It declares, that all declarations and crea-
tions of trust of lands shall be manifested and proved by some
writing, signed by the party enabled to declare the trust, or else
they shall be utterly void and of no effect. *Rev. p. 445*, § *3*. This
statute merely prescribes a rule of evidence. It declares, that the
existence of an express trust of lands shall be proved by nothing
but written evidence, and rigorously excludes all other evidence,
as a means of establishing the fact of the existence of such a
trust, but it does not inhibit the creation of a trust of this kind
by parol. It has accordingly been held, that a valid express
trust of land may be created by parol, provided it is subse-
quently declared and manifested in the manner directed by the
statute. In *Smith* v. *Howell, 3 Stock. 349*, the trust sought to
be enforced was not declared by writing until more than ten
years after its creation, and yet the court decreed its execution.
Chancellor Williamson, in that case, said, that the statute does
not require that the trust shall be created by writing, but that
it shall be manifested and proved by writing. And he also held,
that where the integrity of a trust, not·put in writing at the time
of its creation, but subsequently declared by writing, was as-
sailed, parol evidence was competent to show whether or not it
had in fact been created at the time the conveyance was made.
On this point he said: " A question of fraud—that is, whether
the trust was really created at the time of the execution of the
instrument or deed to which the manifestation of the trust refers
—is always an open question. Suppose a judgment or some
other lien has attached to the property in the interval between
the execution of the deed and the declaration of the trust, it
would be necessary, in order to defeat such lien, to show that
the trust was *bona fide* created at the time of the execution of

the deed. This may, however, be done by parol evidence, because the statute does not require that the trust shall be created, but only manifested, by writing." The doctrine of this case was fully approved by the court of errors and appeals in *Jamison* v. *Miller, 12 C. E. Gr. 586.* Parol evidence was admitted in this case to establish the fact that a trust had been created by parol cotemporaneously with the execution of the deed by which the title was made to the trustee. The trust was declared some time subsequent to its creation, by several writings, one of which was the defendant's answer. The court said : " The writings [meaning the declaration of trust] are but evidence ; the trust is anterior and independent, and the rights which the court regards are those that spring from the creation, not the mere proof of the trust." The rule must be considered settled that a valid trust of land may be created by parol, but the existence of the trust cannot be proved except by written evidence. The written evidence, however, may be made long subsequent to the creation of the trust.

The only written evidence or manifestation of the trust which the complainant has offered in this case is that which is contained in the pleadings. The bill alleges, that the land in question was conveyed by the complainant and his wife to the defendant, for the sole purpose and with the express understanding that the defendant should, immediately after acquiring title, convey it to the complainant. The defendant was required to answer under oath, and has done so. By her answer she says, that she has no reason to doubt the truth of the above allegation of the bill. Does this constitute such evidence of the trust as to render it proper for the court to decree its execution? The proof of the trust, in my judgment, is complete. The declaration is in writing ; it is signed by the trustee ; it was made after she became competent to declare a trust; it is verified by her oath, and its terms are plainly stated. The principle is settled, that an answer to a bill in equity may be sufficient, as a declaration of a trust, to justify the court in decreeing its execution. Chancellor Vroom, in *Hutchinson* v. *Tindall, 2 Gr. Ch. 357,* held, that, where a complainant files a bill, alleging that a deed

McVay v. McVay.

made to the defendant is subject to a trust in his favor, and praying that it may be so decreed, and the defendant answers admitting the trust, the defendant's answer will constitute sufficient evidence of the trust to warrant the court in decreeing its execution. And the same efficacy was given by the court of errors and appeals to an answer in chancery, even in case where the declaration was volunteered, or rather was not made in response to the bill. *Jamison* v. *Miller, 12 C. E. Gr. 586.* It is wholly unimportant on what part of the declaration of trust the trustee signs his name. He may sign it at the bottom, at the top, at the side, or in the middle. He may sign by simply making his initials. Wherever, or in whatever form his signature may be made, it will be sufficient, within the meaning of the statute, if what he does is done for the purpose of giving authenticity to the instrument. *Smith* v. *Howell, 3 Stock. 349.* The defendant in this case signed the affidavit to her answer, not only for the purpose of authenticating the answer, but also for the purpose of verifying its contents. It must, therefore, be held that a valid trust in the land in question, in favor of the complainant, has been proved by evidence of the kind required by the statute.

This being so, the complainant now stands invested with a full and complete estate in equity in the land in question. The land in equity belongs to the complainant, and the defendant simply holds the dry, naked, legal title in trust for the complainant. In this condition of affairs the defendant cannot defeat the complainant's right to a conveyance by showing that the land was conveyed to her or to her grantor in fraud of creditors. *Ownes* v. *Ownes, 8 C. E. Gr. 60,* is decisive against the validity of such a defence. Chancellor Zabriskie in that case said: "I know of no case in which a court of equity has refused to enforce a trust, actually declared and vested, on account of fraud in the conveyance to the trustee who declared the trust." The fraud here charged is against the conveyance by which title was put in the wife. The defendant says, that the complainant put the title to the land in controversy in his wife to defraud his creditors. The proof in support of this charge is

of the most meagre character. But suppose it be admitted that that conveyance was fraudulent as to the complainant's creditors, there can be no doubt that it was good against him, nor that it gave to his wife as full and complete dominion over the land, against everybody except his creditors, as an honest conveyance would have given. As against everybody except creditors, her title was unimpeachable, and she consequently might, as against all the world except the creditors of her husband, make a valid conveyance of it in trust or otherwise.

The complainant is entitled to a decree.